IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SAMUEL J. MARTIN,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:18-cv-00473

STATE FARM FIRE AND CASUALTY COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Samuel J. Martin's ("Martin") motion to remand.[1] (ECF No. 11.) As stated in the second footnote of the Court's memorandum opinion and order entered on this date on the motion to remand in *Pettit v. State Farm Mutual Automobile Insurance et al*, the briefing in the present motion to remand are virtually identical to the briefing in the *Pettit*.[2] Accordingly, the Court **ADOPTS** the reasons discussed in that memorandum opinion and order, **GRANTS** Martin's motion to remand, (ECF No. 11), and **REMANDS** the case to the

---

[1] Also pending before the Court is Defendant State Farm Fire and Casualty Co.'s ("State Farm") motions to stay and dismiss, (ECF Nos. 3, 6), and Defendant Brian Smith's ("Smith") motion to dismiss. (ECF No. 14.) As this memorandum opinion and order is remanding the case to the Circuit Court of Kanawha County, West Virginia, the Court **DENIES AS MOOT** these motions. (ECF Nos. 3, 6, 14.)

[2] The Court notes that the dates on which the statute of limitations could have begun to run are different in the present case than in *Pettit*. In the present case, State Farm argues that the statute of limitations on Martin's UTPA claim in began to run in June 2005 when its agent and co-defendant, Smith, provided plaintiff's counsel with the UM offer forms. Thus, State Farm argues, Martin's UTPA claim against Smith expired in June 2006. (*See* ECF No. 19 at 6.) However, Martin argues, similar to the plaintiff in *Pettit*, that his UTPA claim against Smith was tolled by the discovery rule due to State Farm and Smith's alleged misrepresentations and concealment. (*See* ECF No. 21 at 4–6.) As the factual scenarios and arguments are the same in both cases, the Court's analysis and ruling in *Pettit* applies to the present case.

Circuit Court of Kanawha County, West Virginia. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 10, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE